**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE:<br><br>JAY PEAK, VERMONT EB-5 INVESTOR LITIGATION | MDL Docket No. 2730 |

**MOTION TO STRIKE OR ALTERNATIVELY FOR LEAVE TO FILE SURREPLY TO
PEOPLE'S BANK'S REPLY TO THE OPPOSITIONS TO
<u>CONSOLIDATION AND TRANSFER TO VERMONT</u>**

People's Bank, which has already filed a response in support of the *Shaw* Plaintiffs' Motion for Transfer of Actions to the District of Vermont, has now filed a factually inaccurate and procedurally improper memorandum targeting the responses of interested parties — including the SEC Receiver — who oppose the Bank's position and seek centralization in the Southern District of Florida. For example, notwithstanding the Receiver's position that centralization in Vermont would result in unnecessary administrative travel costs and other potentially needless expense, and likely hamper his ongoing coordination and cooperation with Florida counsel to the potential detriment of the investors (DE 29; *see also* Ex. B to DE 30 ("Receiver Declaration")), People's Bank represents to the Panel that "[h]is case will go on the same regardless of the Panel's decision on this motion." (DE 46 at 4 n.5).

People's Bank's brief should be stricken. The JPML Rules do not allow for any party to file a reply other than the movant, and People's Bank failed to seek leave to supplement the record. Alternatively, Plaintiff Alexandre Daccache requests that the Panel consider this filing a surreply to People's Bank's Reply under JPML Rule 6.3 to address the various factual inaccuracies presented by People's Bank's filing.

## ARGUMENT

People's Bank's reply relies on factual inaccuracies to target the arguments raised by Mr. Daccache, the SEC Receiver, and any other party in support of centralization of these actions in the Southern District of Florida. Specifically, People's Bank has asserted that Vermont is the center of gravity of this dispute, there is one Florida case that has not significantly advanced, the Receiver's case "will go on the same regardless of the Panel's decision on this motion," the *Daccache* case has not advanced appreciably, and Vermont's docket is better-suited to handle these actions. People's Bank also suggests that now "four parties favor the Vermont forum" and

that "Defendant William Stenger, a key individual behind the Jay Peak program, lives in Northern Vermont and supports transfer to northern Vermont." (DE 46 at 4).

People's Bank is wrong. First, two of these four parties are People's Bank Financial and its affiliate, People's United Bank. Both People's Bank Defendants are headquartered in Connecticut. (DE 31 at 4). Second, Mr. Stenger, who is proceeding *pro se* and is the only defendant residing in Vermont, has no current opposition to proceeding in the Southern District of Florida. Since filing his Interested Party Response in Support of the District of Vermont (DE 44), Mr. Stenger met with his personal attorney, reviewed People's Bank's Motion to Transfer, and provided to counsel for Mr. Daccache a letter on July 12, 2016, stating: "I am satisfied that I would be treated fairly as a pro se party in these cases in either jurisdiction, and have already given two depositions in Florida to the SEC people." *See* Ex. A (7/12/16 Stenger Letter). Mr. Stenger further acknowledges that "except for the actual transferring of funds from the various EB-5 People's accounts in Vermont, all of the subsequent financial transactions, especially those dealing with payment for the various constructions aspects of the projects, were centered in Miami with Raymond James." *See id.* And beyond that, Mr. Stenger understands that "the case is mostly about determining what happened to the money that went to Raymond James, and how it was spent. Those people and the accountants are located in Miami." *See id.*

The remaining factors relied on by People's Bank in its reply further support transfer of these actions to the Southern District of Florida — not Vermont:

- Florida is the center of gravity of the Jay Peak scheme, home to key defendants including Raymond James, Quiros, Burstein, and Amigo;

- Vermont-based Jay Peak entities are under the control of the SEC Receiver in the Southern District of Florida, *see* Ex. A;

- Florida counsel are already cooperating with the SEC Receiver and have advanced the *Daccache* case, having already held the Rule 26(f)

2

conference, served discovery, conferred on a proposed confidentiality order and ESI stipulation, and begun preparing a consolidated amended class action complaint;

- The SEC investigated for years and chose to file its action in the Southern District of Florida, and that action will proceed in the Southern District of Florida regardless of the Panel's decision here, so centralization in the District of Vermont would hinder the efficiencies of having all cases in the same district;

- While there is only one action pending in Vermont (the *Shaw* action), in Florida there are: the SEC Action, the Receiver Action, the three actions subject to the motion to transfer (*Casseres-Pinto*, *Daccache*, and *Hiller Sanchez*), a Miami-Dade state court action filed by seven investors (*Citakovic*), six separate arbitration proceedings, and an additional threatened state court action on behalf of eight investors;

- None of the movants or plaintiffs live in Vermont (DE 31), and even the *Shaw* plaintiffs have expressed willingness to proceed in the Southern District of Florida (DE 1-1, at 13);

- That the Jay Peak projects are located in Vermont and may have involved significant construction efforts will be of little to no significance for purposes of discovery. *See* Ex. A (Stenger Letter) ("Most all of the EB-5 projects are completed, and I don't believe that there's any real issue about the actual constructions issues, or that any of the people involved in that are actually going to be witnesses in this case."). This is not a construction dispute; the wrongdoing alleged involves unlawful commingling and misappropriation of funds;

- The Southern District of Florida is less burdened and has more favorable docket conditions than the District of Vermont, disposing of civil cases almost twice as fast;

- Centralization in the Southern District of Florida would avoid unnecessary costs to the Receivership; potentially preserve the Jay Peak properties; streamline future proceedings because the Southern District of Florida would have to approve any settlement, restructuring plan, or distribution to creditors as the site of the SEC Action; and facilitate the ongoing cooperation between the Receiver and Interim Class Counsel (cooperation that is crucial to ensuring that investors get both a monetary return on their investments as well as the green cards available under the EB-5 program); and

- Miami is a more geographically convenient location for the vast majority of witnesses, parties, and their counsel.

All of these factors support centralization of the Jay Peak actions in the Southern District of Florida. Mr. Daccache accordingly requests that the Panel consider this filing a surreply to the Reply of People's Bank to address the factual inaccuracies set forth in People's Bank's filing.

In any event, People's Bank's Reply (DE 46) can be stricken by the Panel as procedurally improper. The Plain language of Rule 6.1 ("Motion Practice") provides that only the movant may file a reply to responses in opposition to an initial motion to transfer:

> The movant may file a reply within 7 days after the lapse of the time period for filing a response. Where a movant is replying to more than one response in opposition, the movant may file a consolidated reply with a limit of 20 pages.

People's Bank is not the movant; it is an interested party entitled to a single response under the JPML Rules.

## CONCLUSION

For the reasons set forth in the SEC Receiver's Response (DE 29), Mr. Daccache's Response (DE 30), and others, these actions should be centralized in the Southern District of Florida. People's Bank's reply (DE 46), nothing more than an impermissible second bite at the apple to argue in support of the District of Vermont, should be stricken. Alternatively, Mr. Daccache requests under JPML Rule 6.3 that the Panel consider this filing a surreply to People's Bank's filing.

Respectfully submitted Thursday, July 14, 2016.

    By: */s/ Thomas A. Tucker Ronzetti, Esq.*
        Thomas A. Tucker Ronzetti, Esq.
        tr@kttlaw.com
        Harley S. Tropin, Esq.
        Florida Bar No. 241253
        hst@kttlaw.com
        Dyanne E. Feinberg
        Florida Bar No. 371548
        def@kttlaw.com
        Rachel Sullivan, Esq.
        Florida Bar No. 815640
        rs@kttlaw.com

Maia Aron, Esq.
Florida Bar No. 17188
ma@kttlaw.com
Tal J. Lifshitz, Esq.
Florida Bar No. 99519
tjl@kttlaw.com
**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

Paul Aiello
Florida Bar No. 0909033
paiello@bennettaiello.com
Michael P. Bennett
Florida Bar No. 0775304
mbennett@bennettaiello.com
Jeremy R. Kreines
Florida Bar No. 101119
jkreines@bennettaiello.com
**BENNETT AIELLO**
The Ingraham Building, Eighth Floor
25 Southeast Second Avenue
Miami, Florida 33131-1603
Phone: (305) 358-9011
Facsimile: (305) 358-9012

Daniel C. Girard (*Pro Hac Pending*)
Richard H. Gordin (*Pro Hac Pending*)
Adam E. Polk (*Pro Hac Pending*)
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: 415.981.4800
Email: dcg@girardgibbs.com
Email: rhg@girardgibbs.com
Email: aep@girardgibbs.com

*Counsel for the Florida Plaintiffs*